Martin, J.
This case was remanded to the district court, in February last, where it was decreed, that the plaintiff recover from the defendant $358 7 cents. &c. and that “the claimants, having bonded the cotton shortly after the attachment, and sold it at the then market price (being a higher price than could *49 be had at this time) have a lien on the proceeds for the balance of account due them by the defendant, which, credited to the defendant, balances their general account. Judgment was, therefore, given to the claimants, for the proceeds of the cotton. The plaintiff appealed from so much of the judgment as relates to the claimants.
The statement of facts refers us to the record of the case, as it stood before us in February last, and to the following deposition.
Mathews, a witness for the claimants, deposed, that they are the defendant's factors; that, at the time the cotton was attached and bonded, he was indebted to them, in the sum of $ 4,500.
On his cross-examination, the witness declared, that the account of the defendant with the claimants, after crediting him with the proceeds of the cotton, is balanced; that since the attachment, the claimants have received from the defendant, 105 bales of cotton; ten of which the witness has delivered to Beatty & Greeves; and three to B. Levy & Co., for debts due them, and which they had commissioned them to receive from the defendant; that the net proceeds of the *50 ninety-two bales remaining, amounted to $; that the witness went over to the defendant’s plantation, to purchase from him the cotton last mentioned; and after it was weighed and delivered, and the price agreed on, viz. fifteen cents per pound, and before he left the plantation, he delivered to the defendant a draft on the claimants for $1500, and over; that in balancing the account between the parties, the amount of this draft is credited to the defendant, as if paid in cash: it has never been presented ; the claimants wrote to the defendant, after it was drawn, that it would be honoured ; the claimants are indebted to the defendant for its amount, till it is paid. When the witness went to the defendant’s, he took with him the account current between the defendant and claimants. After receiving it, he gave the former credit for the amount, and gave the aforesaid draft for the balance: this was in the latter part of March ; the witness is sure it was after the 15th. The principal examination being resumed, the witness added, that the proceeds of the eighteen bales of cotton attached, amounted to $878 6 cts.; and this sum was carried by the claimants to the credit of the defendant's account. The sale was made (without any authority from the court *51 or the defendant) for a fair, and the highest market price. The witness was sent by the claimants to purchase the defendant's cotton, and then he received the ninety-two bales. On his departure, the claimants told him any draft given by him on them, for the purchase of the cotton, would be honored.
It is clear to me, that the claimants having a lien on the cotton attached, they are only accountable on their bond for the balance that may remain in their hands, after the payment of the balance due them. The evidence shews, that at the time of the attachment, and of the delivery of the cotton to them, on their bond, that balance was considerably above the value of the cotton. Had this been known at the time of the attachment, the cotton ought not to have been taken from them. Since they had a lien on it, they well might, on its return into their hands, sell it to pay themselves ; this they have done, and it is not contended, that it was unfairly done. The condition of their bond was, that they should abide the order of the court, i. e. deliver the cotton or its value, if it appeared to the court that they had no legal claim thereto.
It appears, that seeing the cotton attached w as not sufficient to cover their claim, they *52 deemed it advisable to purchase other cotton, which the defendant had, to a greater amount than that of their claim; and in so doing, it became necessary to provide for the payment of the balance to the defendant. I see no impropriety in this; they were not garnishees, bound to hold any property of the defendant, in their hands; they were claimants of property of his, on which they had a lien; this property they obtained on giving bond to support their claim; they have done so, and nothing can be claimed of them.
I do not know that they were bound to retain, or even could have justified themselves in retaining, any property of the defendant, which came to their hands, after they received the cotton from the sheriff.
Nothing prevented the claimants from purchasing other cotton from the defendant, and paying him cash therefore. Their agent, instead of paying cash, gave a draft on the claimants, which they had previously bound themselves to accept, and which, when they were informed of its having been given, they promised to honor. It is not probable that any cotton could have been obtained by the claimants, beyond the amount of their claims, without paying cash, or giving the equivalent. *53 The whole transaction appears to me perfectly fair.
Hoffman for the plaintiff, Maybin for the defendant, Eustis for the claimants.
I think the judgment of the district court should be affirmed with costs.